BARRY J. PORTMAN
Federal Public Defender
JOYCE LEAVITT
Assistant Federal Public Defender
555 12th Street, Suite 650
Oakland, CA 94607
(510) 637-3500 (phone)
(510) 637-3507 (fax)

Counsel for Defendant KOBAYASHI

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> ) <br> STEVEN KOBAYASHI, ) <br> ) <br> Defendant. ) | No. CR 11-00106 CW <br><br> **SENTENCING MEMORANDUM** <br><br> Date: September 14, 2011 <br> Time: 2:30 p.m. <br> Ctrm: No. 2 |

**INTRODUCTION**

On June 8, 2011, defendant Steven Kobayashi pled guilty to a two count information charging him with (1) wire fraud, in violation of 18 U.S.C. §1343, and (2) money laundering in violation of 18 U.S.C. §1957(a). He will be sentenced by this Court on September 14, 2011. The parties entered into a plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure in which they agree that the appropriate sentence in this case is 65 months in custody, 3 years of supervised release, restitution and a special assessment. Plea Agreement at ¶8. This is consistent with the recommendation of the United States Probation Officer who prepared a pre-sentence report ("PSR"),

*United States v. Steven Kobayashi*
CR 11-00106 CW; Sentencing Memo

calculated the guideline range to be 57-71 months custody and recommended a mid-range sentence of 65 months in custody. PSR ¶81; Sentencing Recommendation. Mr. Kobayashi asks the Court to sentence him in accordance with the plea agreement to the mid-range sentence of 65 months custody, 3 years supervised release, restitution and a $200 special assessment. He submits this sentencing memorandum in support of his request. Attached to the sentencing memorandum is a letter to the Court from Mr. Kobayashi attached as Exhibit A.

## DISCUSSION

**A sentence of 65 months custody is sufficient but not greater than necessary, to satisfy the goals of sentencing under 18 USC 3553**

The Supreme Court's decisions in *United States v. Booker*, 543 U.S. 220 (2005), *Kimbrough v. United States*, 128 S. Ct. 558 (2007), and *Gall v. United States*, 128 S. Ct. 586 (2007), dramatically altered the district court's role in sentencing. The Sentencing Guidelines, "formerly mandatory, now serve as one factor among several courts must consider in determining an appropriate sentence." *Kimbrough*, 128 S. Ct. at 564. Together these cases make it clear that district judges now have the ability, as well as the duty, to exercise their judgment and discretion in arriving at a sentence that is "sufficient, but not greater than necessary," to achieve the goals outlined in 18 U.S.C. § 3553(a).

While "district courts still 'must consult [the] Guidelines and take them into account when sentencing,'" *United States v. Cantrell*, 433 F.3d 1269, 1279 (9th Cir. 2006) (quoting *Booker*, 543 U.S. 264), district courts "may not presume that the Guidelines range is reasonable." *Gall*, 128 S. Ct. at 596-97; *see also United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc). The Guideline range is only one factor for the district court to consider in making this judgment, and it may not be weighed more heavily than any other factor. *Id.*, 520 F.3d at 991.

In sentencing a defendant, courts are required to consider the factors listed in 18 U.S.C. § 3553(a) in imposing a sentence. In this case, after considering all relevant factors, the Court should sentence Mr. Kobayshi to 65 months in custody. In reaching the agreed-upon disposition, the parties considered all of the factors which the Court must now consider. Mr. Kobayashi is not asking the Court to depart downward or otherwise vary outside the guidelines, nor is he even asking for a low end sentence. Rather, the agreed-upon sentence of 65 months in custody is a mid-range sentence which balances the competing interests in this case. The 18 U.S.C. § 3553 factors which the Court should consider are discussed below and support a sentence of 65 months in custody.

**(1)      Nature and circumstances of the offense**

Under 18 U.S.C. §3553(a), the Court should consider the nature and circumstances of the offense in determining the appropriate sentence. In this case, Steve Kobayashi pled guilty to wire fraud and money laundering. As described in the PSR, Mr. Kobayashi was employed as a financial advisor at United Bank of Switzerland Financial Services, Inc. between 2004 and 2009. PSR ¶6. Mr. Kobayashi also maintained several personal and business accounts at Bank of America. *Id*. at ¶8. In the Plea Agreement, Mr. Kobayashi admits that beginning in 2006, he transferred funds from his clients' accounts to his own bank accounts, either by receiving their authorization after falsely representing that the withdrawals were to purchase investments, or by copying and pasting investors' signatures authorizing withdrawals without their knowledge or consent. Plea Agreement at ¶2. The parties estimate that the financial losses to the victims may be in excess of $5,000,000. although the probation officer is still calculating the losses.

In addition to the financial losses which he has caused, however, Steve Kobayashi recognizes the physical and emotional destruction which his actions have caused to the victims in this case. In

his letter to the Court, Mr. Kobayashi states:

> Many good people considered me a friend and trusted me. . .good honest caring people. . . These people were kind and generous to me and sadly enough probably would have tried to help me if I had ever had the courage or honesty to reach out to them. Instead of having that courage or honesty, I lied to them, hurt them, betrayed them and committed crimes . . . I could give long explanations of how I started down to commit crimes. . .I could discuss . . .the many addictions I have. . . [t]he explanations would not justify the actions I took or the hurt, emotional and financial, that I have inflicted. . . I am sorry.

Exhibit A. Steve Kobayashi agrees that the offenses committed in this case are serious offenses. Although at the time of the offense conduct, Steve was struggling with a number of addictions, as discussed below, which impaired his decision making and influenced his conduct, he accepts full responsibility for his conduct. He agrees that a sentence of 65 months custody is appropriate.

Moreover, although the prosecutor did not bring a motion under U.S.S.G. §5K1.1, Mr. Kobayashi cooperated with the government and met with officials on more than one occasion. During those meetings, Mr. Kobayshi was truthful and complete in the information which he provided. Undersigned counsel believes that the government's plea agreement and recommendation of 65 months in custody is based, at least in part, on Mr. Kobayashi's cooperation and willingness to assist the government in its investigation.

Given the nature and circumstances of the offense, a sentence of 65 months in custody adequately reflects the seriousness of the offense and is "sufficient, but not greater than necessary" to serve the goals of sentencing. 18 U.S.C. § 3553(a).

  **(2)  History and characteristics of the defendant**

The history and characteristics of Steve Kobayashi is an additional factor for the Court to consider under 18 U.S.C. §3553 in determining the appropriate sentence. As reflected in the PSR,

*United States v. Steven Kobayashi*
CR 11-00106 CW; Sentencing Memo    4

Steve Kobayashi is a 39 year old man who was raised in a loving home by two devoted parents. PSR ¶¶45-48. His father is a retired Lieutenant Colonel in the U.S. Army and a Vietnam War veteran and his mother is a retired mortgage broker. *Id*. at ¶45. Mr. Kobayashi graduated from college and was a successful broker and certified financial planner before his addictions got the best of him and he started committing crimes. *Id*. at ¶¶55-64. Prior to this case, Steve Kobayashi had no criminal history including no arrests. *Id*. at ¶¶40-43.

By his own admission, Mr. Kobayashi has a long history of addictive behavior, including alcoholism and gambling. *Id*. at ¶55. He began drinking in high school and by college, Steve would drink as many as nine to ten drinks at a time. *Id*. As an adult, Mr. Kobayashi drank heavily at business functions and often combined his business with gambling. *Id*. During the period of the offense conduct, he would often binge drink for three to four days straight, spending money at night clubs and casinos. *Id*. A review of his gaming credit report shows that he incurred debts at various casinos in excess of tens of thousands of dollars. *Id*. at ¶¶63-77. As his behavior became more and more out of control, and his gambling and other debts rose, Steve became more desperate and deluded in his thinking.

Obviously at some point, Steve crossed the line and started stealing from his clients in an attempt to stay afloat. He justified his criminal actions by deluding himself into thinking that things would turn around for him and the money would all be won back and returned. His addictive behavior drove his actions and only after it was over could he reflect upon the devastation he caused to others.

Mr. Kobayashi's alcoholism and pathological gambling are disorders which are recognized in the Diagnostic and Statistical Manual of Mental Disorders ("DSM-IV"). As is true with other

recognized illnesses, Steve Kobayashi needs treatment and counseling to address his illnesses. The Ninth Circuit has recognized that alcohol and drug addiction may be a mitigating factor for the Courts to consider in sentencing an individual. *See, e.g. United States v. Garcia*, 497 F.3D 964 (9th Cir. 2007)(fact that guidelines preclude departure because of voluntary use of drugs does not preclude judge from using same mitigating factors under 18 USC §3553.) Mr. Kobayashi asks the Court to recommend that he be allowed to participate in the Bureau of Prison's 500 Hour Drug Treatment Program so that he can continue to address his alcohol addiction while in custody.

A sentence of 65 months in custody is appropriate given the history and characteristics of Steve Kobayashi. He has no criminal history. Although his actions were the result of his compulsions and addictions, Steve must now face those individuals whom he has hurt and betrayed, including his parents and others who treated him like a son. He knows that he can't do anything to undo the harm he has caused to others. If the Court sentences Mr. Kobayashi consistent with the agreement, he will spend approximately five years in federal custody. But beyond that, he will also have to live with his actions and the knowledge that he irrevocably harmed people who trusted him and that he caused suffering in those who looked to him for help. Mr. Kobayashi was raised with good moral values and is deeply ashamed of what he did in this case. Long after his criminal case is concluded and custodial sentence has been served, Steve Kobayashi will have to face himself and live with what he has done to others. If he had no conscience, it would be simply a matter of restitution and logistical problems for Mr. Kobayashi in the future arising from his felony conviction. But Mr. Kobayashi does have a conscience and his shame and embarrassment will be constant reminders to him into the future. His history and characteristics warrant a sentence of 65 months in custody.

### (3) 65 months prison sentence is sufficient to show respect for the law, just punishment or adequate deterrence, protect the public

A sentence of 65 months in custody adequately promotes respect for the law and just punishment in this case. It is a sentence of over five years in custody for an individual who had never been arrested before this case or committed any crimes prior to this case. It is a sentence for an individual whose criminal conduct was driven by compulsive, addictive behavior, for which he had never sought help. It is a sentence which clearly shows respect for the law and will deter Mr. Kobayashi from criminal conduct in the future.

A sentence of 65 months in custody also adequately protects the public. Mr. Kobayashi already has entered into an agreement with the Securities and Exchange Commission and he will not be practicing or managing other individuals' money in the future. He also now has a felony conviction which he will have to disclose to any potential employer in the future. A sentence of 65 months, when combined with the drug and mental health treatment which Mr. Kobayshi will receive both in custody and as a condition of his release, adequately protects the public. For all of these reasons, a sentence of 65 months custody is sufficient.

### (4) A sentence of 65 months is sufficient to provide Mr. Kobayashi with needed correctional treatment in the most effective manner

18 U.S.C. §3553 provides that the Court is required to consider the need to provide a defendant with needed educational or vocational training or other correctional treatment in the most effective manner. 18 U.S.C. §3553(a)(2)(D). A sentence of 65 months custody meets this objective. Mr. Kobayashi intends to participate in the residential drug treatment program while in custody as well as mental health counseling. He also intends to further his education. These programs are all available in custody. A sentence of 65 months will be lengthy enough to provide Mr. Kobayashi

with any "needed educational, vocational or other correctional treatment" because it would enable him to pursue this treatment over the course of five years.

**CONCLUSION**

A sentence of 65 months in this case is sufficient to meet the goals of sentencing and constitutes a "reasonable and appropriate" sentence. For all of the reasons described above, Mr. Kobayashi respectfully requests that this Court sentence him to 65 months in custody.

DATED: September 7, 2011

                                              Respectfully submitted,

                                              BARRY J. PORTMAN
                                              Federal Public Defender

                                                  /s/
                                              JOYCE LEAVITT
                                              Assistant Federal Public Defender