MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

STEPHEN G. CORRIGAN (MABN 100560)
Assistant United States Attorney

   1301 Clay Street, Suite 340S
   Oakland, CA 94612
   Telephone: (510) 637-3680
   Fax: (510) 637-3724
   E-Mail: stephen.corrigan@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | No. CR 11-00106 CW |
|          )  | |
|     Plaintiff,                         ) | UNITED STATES' SENTENCING MEMORANDUM |
|   v.                                   ) | |
| STEVEN KOBAYASHI,                  ) | Date: September 14, 2011<br>Time: 2:30 p.m. |
|     Defendant.                     ) | |

**I. INTRODUCTION**

     Defendant Steven Kobayashi is scheduled to be sentenced on September 14, 2011, at 2:30 for his guilty pleas to Count One, wire fraud, and Count Two, money laundering, charged by an Information filed on March 3, 2011. In a written plea agreement pursuant to Fed. R. Crim. Pro.11(c)(1)(C), the parties agree to a sentence of 65 months custody, 3 years supervised release, no fine, restitution in the amount of $5,431,600, and a $200 special assessment. In the Presentence Investigative Report (PSR), the Probation Officer concurs with this sentence, but reports an ongoing analysis of the loss amounts based upon new information that was unknown

on June 8, 2011, when Kobayashi entered guilty pleas. Accordingly, pursuant to 18 U.S.C. § 3664(d)(5), the government requests that the court extend the date for the final determination of restitution to a date not to exceed 90 days following sentencing.

## II.  FACTS

### A.  Information

#### 1.    **Count One, Wire Fraud**

Kobayashi was charged by an Information filed on March 3, 2011, with one count of wire fraud and one count of money laundering.  On June 8, 20011, Kobayashi entered guilty pleas to both counts.  Sentencing was set for September 14, 2011. As charged in the Information, from 2004 until September 25, 2009, Kobayashi was employed as a financial advisor at United Bank of Switzerland Financial Services, Inc. ("UBS") in Walnut Creek, California.  UBS clients' could maintain funds in a UBS account.  Beginning in April 2006 and continuing to August 2009, Kobayashi made unauthorized wire transfers from his clients' UBS accounts into several Bank of America accounts maintained by Kobayashi.  At times, Kobayashi received the authority of his clients to transfer funds held in UBS accounts in their names to bank accounts maintained by Kobayashi, based upon his false representations to his clients that the transfers were required in order to invest the clients' funds.  At other times, Kobayashi forged or copied and pasted the signatures of his UBS clients on documents authorizing the transfer of the funds from the clients' UBS  accounts to Kobayashi's bank accounts.

#### 2.    **Count Two, Money Laundering**

After receiving the proceeds of the wire fraud, Kobayashi engaged in monetary transactions for his own benefit, at various times withdrawing funds in increments over $10,000.

### B. Plea Agreement

The parties have entered into a binding plea agreement pursuant to Rule 11(c)(1)(C).  In the plea agreement, Kobayashi admits that between 2006 and 2009, he transferred $5,431,600 from his clients' UBS accounts without their authority to his own bank for his own benefit.  See Plea Agreement, ¶2.   The parties agreed to the following Guidelines calculations.

| | | |
|---|---|---|
| Base offense level, U.S.S.G. §2B1.1(a)(1) | | 7 |
| Loss greater than $2,500,000, U.S.S.G. § 2B1.1(b)(1)(J) | | +18 |
| Conviction of 18 U.S.C.§1957, U.S.S.G.§2S1.1(b)(2)(A) | | +1 |
| Abuse of position of trust, U.S.S.G.§3B1.3 | | +2 |
| Acceptance of Responsibility, U.S.S.G. § 3E1.1(a)and (b) | | -3 |
| Total Offense Level | | 25 |

See Plea Agreement, ¶7(a)-(d).   The parties further agreed that a reasonable and appropriate disposition of the case is a term of imprisonment of 65 months, 3 years supervised release, $200 special assessment, and restitution in the amount of $5,431,600. Id., ¶8.

### C. Presentence Investigative Report

The Probation Officer concurs with the Guidelines calculations contained in the plea agreement. See PSR, ¶3. The PSR however, identifies losses claimed by the victims above the restitution amount of $5,431,600 contained in the plea agreement. Id. at ¶¶ 19,21,22.  The defendant has no prior criminal history.

### III.   DISCUSSION

**The proposed sentence is  reasonable and appropriate**

**1.   The propose sentence is within the applicable Guidelines range**

The Guidelines calculations contained in the plea agreement include a loss greater than $2,500,000 and less than $7,000,000, and adjustments upward for abuse of position of trust and for the conviction of a money laundering offense pursuant to18 U.S.C. § 1957(a) and a reduction for the early acceptance of responsibility.  The Probation Officer concurs with the calculations and the proposed sentence.  The proposed 65 month term of imprisonment is above the middle of the Guidelines range of 57 to 71 months.

**2.   The proposed sentence is supported by the 18 U.S.C. § 3553 factors**

A sentencing court shall impose a sentence sufficient, but not greater than necessary. 18 U.S.C. §3553(a). A court should consider the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence to reflect the seriousness of the

offense, to promote respect for the law, to provide just punishment, and adequate deterrence to criminal conduct.  18 U.S.C. §§ 3553(a)(1) and (2).

### A.    Nature and circumstances of the offenses

Kobayashi's offenses that caused total losses greater than $5 million to several victims are certainly serious, and aggravated by the fact that Kobayashi took advantage of the trust of his family and close friends by converting their investments for Kobayashi's own benefit, spending the funds on gambling drinking, cars and prostitutes.  Moreover, Kobayashi's criminal acts were knowing and continuous, occurring over a four-year period.  During this time he misappropriated at least $5,431,600.  Understandably, the victims are emotionally and financially devastated by Kobayashi's actions, reporting loss of most of their life savings, impacting not only their futures by the futures of their children.

### B.    History and Characteristics of defendant

Kobayashi is single, having never married, and is college graduate with no criminal history prior to the instant offenses.  When he committed the offenses, Kobayashi was employed as a financial advisor at UBS in Walnut Creek, California.  He reports drinking alcohol at an early age and drinking heavily while in college and thereafter, at business functions and while gambling.  Kobayashi states that during the time of the offense conduct, he would often drink for three and four days.  He believes that his addiction to alcohol fueled his addictions to gambling and sex addictions.  See PSR, ¶55.

While his criminal conduct is indefensible, when confronted by law enforcement and questioned, Kobayashi fully admitted that he had converted his clients' funds from UBS accounts to his won accounts without the clients' knowledge.  Since then he has waived his right to require the government to present evidence of the crimes to a grand jury and to require the grand jury to vote on an Indictment, and has plead guilty to the two offenses charged by Information. Additionally, Kobayashi has met with investigators and attorneys from the Security and Exchange Commission (SEC), spending days in their San Francisco office answering questions from representatives of the SEC and the U.S. Attorney's Office.  He has also met with

investigating agents from the FBI, reviewing documents and computer records and answering questions. Although Kobayashi's cooperation has provided law enforcement with a better understanding of his crimes, because his cooperation did not lead to the investigation or prosecution of others, there is no basis for a substantial assistance departure motion pursuant to USSG §5K1.1. Nevertheless, Kobayashi's early admissions and cooperation with law enforcement are factors to be considered in fashioning an appropriate sentence.

**C. Need to reflect the seriousness of the offense, promote respect for the law, provide a just punishment, and adequate deterrence to criminal conduct**

Kobayashi's punishment for his crimes extend beyond the sentence he will receive in this case. He is a defendant in civil lawsuit, has lost his stockbroker's license, and has filed for bankruptcy. Whether the product of pure greed or fueled by addictions, Kobayashi abused the trust placed in him by his family and close friends when over a period of years he stole the victims' funds resulting in losses greater than $5 million. Further, as a result of Kobayashi's criminal conduct, several victims report being named as defendants in lawsuits resulting from Kobayashi's crimes. Such callous and intentional conduct causing significant losses to friends and family form the basis for a significant sentence, one that will justly punish the defendant and deter him from future criminal conduct. The proposed sentence of 65 months in prison, followed by three years supervised release, and a restitution order requiring that he pay the victims at least $5,431,600, is a sentence that reflect the seriousness of the offenses, and provides just punishment and adequate deterrence from future criminal conduct.

//
//
//
//
//
//
//

## IV.  CONCLUSION

For the reasons outlined by the Probation Officer in the PSR and in this memorandum, the government recommends that the court sentence Kobayashi to a sentence of 65 months in custody, 3 years supervised release, a $200 special assessment, and the payment of restitution in an amount to be determined within 90 days.

DATED: September 8, 2011                    Respectfully submitted,

                                            MELINDA HAAG
                                            United States Attorney


                                            _____/s/_____
                                            STEPHEN G. CORRIGAN
                                            Assistant United States Attorney

UNITED STATES' SENTENCING MEMORANDUM
CR 11-00106 CW